UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICHOLAS J. STEINKE,

                Plaintiff,

v.                                                                   Case No. 19-cv-1085-bhl

KORY PIEPER, et al.,

                Defendants.

---

## DECISION AND ORDER

---

On May 3, 2021, Defendants filed a motion for summary judgment. Dkt. No. 29. On May 4, 2021, the Court reminded Plaintiff Nicholas J. Steinke, who is representing himself, that under Civil L. R. 56(b)(2) his response materials were due on June 2, 2021. Dkt. No. 36. The Court also warned Steinke that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. The deadline has passed, and Steinke did not oppose the motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, Steinke did not have an objectively serious medical condition, and to the extent he had minor injuries following his self-reported (but not medically confirmed) seizure, Defendants responded to them appropriately. As a result, Defendants are entitled to judgment as a matter of law and their motion must be granted. Additionally, pursuant to Civil L. R. 7(d), the Court finds

that Steinke's failure to respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 29) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of June, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.